**Electronically Filed
Intermediate Court of Appeals
30589
14-FEB-2012
08:00 AM**

NO. 30589


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


HEATHER R. WINFREY, Individually and as
Personal Representative for the Estate of
JASMINE ROSE ANNE FRY, and SAMUEL J. FRY, JR.,
Plaintiffs-Appellants,
v.
GGP ALA MOANA LLC dba ALA MOANA CENTER,
Defendant-Appellee
and
DOE DEFENDANTS 1-100, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 06-1-0017)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Reifurth and Ginoza, JJ.)

        Plaintiffs-Appellants Heather Winfrey (Winfrey),
Individually and as Personal Representative for the Estate of
Jasmine Rose Anne Fry, and Samuel J. Fry, Jr. (collectively,
Plaintiffs), appeal from the Final Judgment filed on June 14,
2010 in the Circuit Court of the First Circuit[1] (circuit court).
The circuit court entered judgment in favor of Defendant GGP Ala
Moana LLC dba Ala Moana Center (Ala Moana) and against
Plaintiffs, pursuant to (1) the "Order Granting in Part and
Denying in Part Defendant GGP Ala Moana LLC dba Ala Moana

---

[1]    The Honorable Gary W.B. Chang presided.

Center's Motion for Summary Judgment Filed on May 5, 2008," filed on October 27, 2008; (2) the "Order Granting Defendant GGP Ala Moana LLC dba Ala Moana Center's Motion for Reconsideration of the Court's Oral Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment Filed on October 3, 2008," filed on April 1, 2009; and (3) the "Clerk's Taxation of Costs for Defendant GGP Ala Moana LLC dba Ala Moana Center, in the amount of $10,718.53," filed on April 2, 2009.

On appeal, Plaintiffs contend that the circuit court erred in

(1) the "Order Granting in Part and Denying in Part Defendant GGP Ala Moana LLC dba Ala Moana Center's Motion for Summary Judgment Filed on May 5, 2008 (Order re: MSJ)," when it found Ala Moana did not owe Plaintiffs a duty of care;

(2) the "Order Granting Defendant GGP Ala Moana LLC dba Ala Moana Center's Motion for Reconsideration of the Court's Oral Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment Filed on October 3, 2008 (Order re: Motion for Reconsideration);"

(3) the "Order Regarding Defendant-Appellee's Motion for Sanctions Pursuant to [Hawai'i Rules of Civil Procedure] HRCP Rule 37 (b), Filed 8/30/07 (Order re: Motion for Sanctions)," when the order subjected the parties to overly restrictive conditions and procedures in the taking of depositions.

The appellate court reviews "the circuit court's grant or denial of summary judgment de novo." Querubin v. Thronas, 107 Hawai'i 48, 56, 109 P.3d 689, 697 (2005) (quoting Durette v. Aloha Plastic Recycling, Inc., 105 Hawai'i 490, 501, 100 P.3d 60, 71 (2004)).

The Hawai'i Supreme Court has often articulated that

summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of

> a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and the inferences drawn therefrom in the light most favorable to the party opposing the motion.

Querubin, 107 Hawai'i at 56, 109 P.3d at 697 (quoting Durette, 105 Hawai'i at 501, 100 P.3d at 71).

> "The trial court's ruling on a motion for reconsideration is reviewed under the abuse of discretion standard." *Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co.*, 100 Hawai'i 97, 110, 58 P.3d 608, 621 (2002) (citation omitted). An abuse of discretion occurs if the trial court has "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." *Amfac, Inc. v. Waikiki Beachcomber Inv. Co.*, 74 Haw. 85, 114, 839 P.2d 10, 26 (1992) (citation omitted).

Cho v. State of Hawai'i, 115 Hawai'i 373, 381, 168 P.3d 17, 25 (2007).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Plaintiffs' points of error as follows:

(1) The circuit court did not err in granting in part and denying in part Ala Moana's Motion for Summary Judgment (MSJ).

(a) Ala Moana did not take Fry into custody. Plaintiffs contend that Ala Moana had custody of Fry prior to her death. Plaintiffs argue that the alleged act of voluntarily taking custody of Fry created "a duty to take reasonable action to protect [Fry] from unreasonable risk of physical harm." However,

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."

HRCP Rule 56(e). Furthermore, "[a] party opposing a motion for summary judgment cannot discharge his or her burden by alleging

conclusions, nor is he entitled to a trial on the basis of a hope that he can produce some evidence at that time." Henderson v. Prof'l Coatings Corp., 72 Haw. 387, 401, 819 P.2d 84, 92 (1991) (internal quotation marks and citation omitted).

Plaintiffs do not meet their burden of proof. Plaintiffs simply allege that "Ala Moana security and maintenance personnel were the only people who had access to the . . . rooftop[,]" and argue that this fact establishes that "Ala Moana through its employees, agents, or representatives took Jasmine Fry up on the rooftop." Plaintiffs are correct that "one who is required by law to take or who voluntarily takes the custody of another under circumstances such as to deprive the other of his normal opportunities for protection is under a . . . duty to take reasonable action to protect the other person from unreasonable risk of physical harm." Lee v. Corregedore, 83 Hawaiʻi 154, 159, 925 P.2d 324, 329 (1996) (quoting Restatement (Second) of Torts § 314A(4) (1965) (brackets and emphasis omitted)). However, Plaintiffs present no evidence that Ala Moana voluntarily took custody of Fry in a manner to deprive her of her normal opportunity for protection, but instead present unsupported allegations, conclusions, and speculation. As such, Plaintiffs do not satisfy their burden under HRCP Rule 56(e) to show there is a genuine issue for trial regarding this allegation.

(b) As a landlord, Ala Moana did not owe Fry a special duty of care. It is true that "an occupier of land has a duty to use reasonable care for the safety of all persons reasonably anticipated to be upon the premises, regardless of the legal status of the individual." Pickard v. City & Cnty. of Honolulu, 51 Haw. 134, 135, 452 P.2d 445, 446 (1969). However, Plaintiffs fail to note that the dispositive question is whether the person was "reasonably anticipated to be upon the premises."

Although the term "reasonableness" is inherently ambiguous and "summary judgment is usually inappropriate because

4

the determination of someone's state of mind usually entails the drawing of factual inferences as to which reasonable [minds] might differ" reasonableness can constitute "a question of law suitable for summary judgment when the facts are undisputed and not fairly susceptible of divergent inferences[.]" Courbat v. Dahana Ranch, Inc., 111 Hawai'i 254, 263, 141 P.3d 427, 436 (2006) (internal quotation marks, brackets, and citations omitted). It is undisputed that Fry was not authorized to be on the rooftop and that the rooftop was secured by a locked door and a locked gate. Plaintiffs offered no evidence to indicate that Ala Moana should have "reasonably anticipated" that Fry would be on the rooftop. Because Fry was not "reasonably anticipated to be upon the premises," Ala Moana did not owe a duty of reasonable care to her. Pickard, 51 Haw. at 135, 452 P.2d at 446.

(c) Ala Moana did not voluntarily assume a duty of care for Fry's safety.

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> (a) his failure to exercise reasonable care increases the risk of such harm, or
>
> (b) he has undertaken to perform a duty owed by the other to the third person, or
>
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Tabieros v. Clark Equipment Co., 85 Hawai'i 336, 358-59, 944 P.2d 1279, 1301-02 (1997) (quoting Restatement (Second) of Torts § 324A (1965)). Plaintiffs do not argue that Ala Moana provided services to another for the protection of Fry but, instead, argue that Ala Moana undertook to provide protection for Fry, thus creating a duty. Because Plaintiffs do not demonstrate how one party undertook to provide services to another for the protection of a third party, Ala Moana had no duty of care under Restatement (Second) of Torts § 324A.

5

(d) Ala Moana did not have a legal duty to render aid to Fry. Unless there is a special relationship between the actor and the individual facing harm,

> [t]he general rule is that a person does not have a duty to act affirmatively to protect another person from harm. "The fact that the actor realized or should realize that action on his [or her] part is necessary for another's aid or protection does not of itself impose upon him [or her] a duty to take such action." Restatement (Second) of Torts § 314 (1965)

Lee v. Corregedore, 83 Hawai'i at 159, 925 P.2d at 329. Under the undisputed evidence in the record, there existed no special relationship between Ala Moana and Fry to trigger a duty to render aid. See Restatement (Second) of Torts § 314A[2]. Fry was not in an area held open to the public and was not on the rooftop or in the duct at Ala Moana's invitation.

(e) Res ipsa loquitur does not apply to the present case. Plaintiffs' final substantive argument is that Ala Moana owed Fry a duty of care under the doctrine of res ipsa loquitur, which provides that

> whenever a thing that produced an injury is shown to have been under the control and management of the defendant and the occurrence is such that in the ordinary course of events does not happen if due care has been exercised, the fact of

---

[2] Restatement (Second) of Torts § 314A (1965) states:

(1) A common carrier is under a duty to its passengers to take reasonable action

 (a) to protect them against unreasonable risk of physical harm, and

 (b) to give them first aid after it knows or has reason to know that they are ill or injured, and to care for them until they can be cared for by others.

(2) An innkeeper is under a similar duty to his guests.

(3) A possessor of land who holds it open to the public is under a similar duty to members of the public who enter in response to his invitation.

(4) One who is required by law to take or who voluntarily takes the custody of another under circumstances such as to deprive the other of his normal opportunities for protection is under a similar duty to the other.

(Emphasis added.)

the injury itself will be deemed to afford sufficient
evidence to support a recovery in the absence of any
explanation by the defendant tending to show that the injury
was not due to his want of care.

Ciacci v. Woolley, 33 Haw. 247, 257 (1934).

In order to invoke the doctrine of res ipsa loquitur
in a particular case, this court has held that a plaintiff
must first establish the presence of three conditions or
elements:

1. The event must be one which ordinarily does not occur in
the absence of someone's negligence.

2. It must be caused by an agency or instrumentality within
the exclusive control of the defendant.

3. It must not have been due to any voluntary action or
contribution on the part of the plaintiff.

Carlos v. MTL, Inc., 77 Hawai'i 269, 277-78, 883 P.2d 691, 699 -
700 (App. 1994).

The undisputed evidence clearly indicates that Fry
entered the duct work on her own, against the wishes and requests
of Ala Moana employees. Res ipsa loquitur requires that the
event "must not have been due to any voluntary action or
contribution on the part of the plaintiff." Carlos, 77 Hawai'i
at 278, 883 P.2d at 700. Plaintiffs presented no evidence to
rebut Ala Moana's evidence that Fry's death was caused by the
voluntary actions of Fry. Therefore, the res ipsa loquitur
doctrine does not apply.

(2) Whether the circuit court abused its discretion in
granting Ala Moana's Motion for Reconsideration is a moot point
since we uphold the summary judgment on Ala Moana's absence of
duty to render aid to Fry under Lee v Corregedore, supra, not
Moyle v. Y & Y Hyup Shin, Corp., 118 Hawai'i 385, 191 P.3d 1629.
(2008).

(3) The circuit court did not abuse its discretion
when it entered its Order re: Motion for Sanctions. Plaintiffs
contend that the circuit court erred "when it imposed an
arbitrary set of procedures to be used at oral depositions in
this case." HRCP Rule 26(c) provides that "the court in the

7

circuit where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"

> [T]he extent to which discovery is permitted under [HRCP] Rule 26 is subject to considerable latitude and the discretion of the trial court. Thus, the exercise of such discretion will not be disturbed in the absence of a clear abuse of discretion that results in substantial prejudice to a party.

Hac v. Univ. of Hawai'i, 102 Hawai'i 92, 100-01, 73 P.3d 46, 54-55 (2003) (internal quotation marks, citations, brackets, and ellipsis omitted). Plaintiffs fail to demonstrate how the circuit court abused its discretion or how the circuit court's ruling prejudiced Plaintiffs.

Therefore,

IT IS HEREBY ORDERED that the Final Judgment filed by the Circuit Court of the First Circuit on June 14, 2010 is affirmed.

DATED: Honolulu, Hawai'i, February 14, 2012.

On the briefs:
Michael Jay Green
Glenn H. Uesugi
and
Myles S. Breiner
for Plaintiffs-Appellants

Patricia M. Napier
Thomas Benedict
Kimberly A. Vossman
(Goodsill Anderson Quinn
& Stifel)
for Defendant-Appellee

Presiding Judge

Associate Judge

Associate Judge